**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TAWANDA JOHNSON,

        Plaintiff,

                                    Case No. 3:16-cv-632-J-34MCR

vs.

CRITICAL RESOLUTION MEDIATION LLC,
and BRIAN MCKENZIE,

        Defendants.

_____/

# O R D E R

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Plaintiff Tawanda Johnson (Plaintiff) initiated this action on May 23, 2016, by filing the Complaint and Demand for Jury Trial (Doc. 1; Complaint).   Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading."   A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." <u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293, 1295 (11th Cir. 2002).  Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted.   <u>See</u> <u>id.</u>   Here, Count Two of the Complaint incorporates by reference all allegations of the preceding count.  <u>See</u> Complaint ¶ 45.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." <u>Cramer v. State of Fla.</u>, 117 F.3d 1258, 1263 (11th Cir. 1997); <u>see</u> <u>also</u> <u>Cook v. Randolph Cnty.</u>, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun

pleadings, none of which is favorable.") (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader.") (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151 (11th Cir. 2011)).

In light of the foregoing, the Court will give Plaintiff Tawanda Johnson an opportunity to file an amended complaint correcting the shotgun nature of the Complaint.

Accordingly, it is **ORDERED**:

1. The Complaint and Demand for Jury Trial (Doc. 1) is **STRICKEN**.

2. Plaintiff Tawanda Johnson shall file an amended complaint curing the shotgun nature of the Complaint on or before **JUNE 9, 2016**. Failure to do so may result in a dismissal of this action.

3.  Defendants shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida this 26th day of May, 2016.

MARCIA MORALES HOWARD
United States District Judge

lc20

Copies to:

Counsel of Record